# EXHIBIT "A"

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/18/2020 9:39 AM
JAMIE SMITH
DISTRICT CLERK
A-205512

CAUSE NO. _____

| | | |
|---|---|---|
| RAYMOND HINOJOSA, | § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | JEFFERSON COUNTY, TEXAS |
| MORAN TOWING CORPORATION AND MORAN TOWING OF TEXAS, INC. | § § § | |
| *Defendants.* | § § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Raymond Hinojosa complains of Defendants Moran Towing Corporation and Moran Towing of Texas, Inc. and would respectfully show the Court that:

### I.
### DISCOVERY LEVEL

1. Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2. Plaintiff's claims against Defendants are maintained under the general maritime law pursuant to 28 U.S.C. § 1333.

3. It is well settled that general maritime cases are not removable to federal court pursuant to the Savings to Suitors clause unless there is another ground of original federal jurisdiction. *See Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 79 S. Ct. 468, 3 L. Ed. 2d 268, 1959 A.M.C. 832 (1959). No such other ground exists as there is no well-pleaded federal question in Plaintiff's petition and Defendants are residents of the State of Texas.

4. Venue is proper pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(2) as Moran Towing is a resident of this County.

## III.
## STATEMENT REGARDING MONETARY RELIEF SOUGHT

5. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over $1 million. Discovery in this matter has just commenced and, therefore, Plaintiff cannot reliably state a maximum amount of damages he is seeking at this time and reserves his right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.
## PARTIES

6. Plaintiff Raymond Hinojosa is a resident of Brazoria County.

7. Defendant Moran Towing Corporation ("Moran") is a New York corporation, with headquarters in Port Arthur, Texas, doing substantial business within the State of Texas. Defendant Moran Towing Corporation may be served by and through its registered agent for service, Corporation Service Company D/B/A CSC-Lawyers Inc., 211 E. 7th Street Suite 620, Austin, Texas 78701.

8. Defendant Moran Towing of Texas, Inc. ("Towing of Texas") is a Texas corporation doing substantial business within the State of Texas. Defendant Moran Towing of Texas, Inc. may be served by and through its registered agent for service Corporation Service Company D/B/A CSC-Lawyers Inc., 211 E. 7th Street Suite 620, Austin, Texas 78701.

9. To the extent that the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against it pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands that upon answering this suit, they answer in their correct legal name and assumed name.

## V.
## FACTS

10. On or about January 3, 2020, Plaintiff suffered debilitating injuries as a result of Defendants' negligence. Plaintiff was working as a barge foreman for Rio Controls. As he was making his way to a crane, he grabbed onto a handrail to maintain three points of contact as required for safety purposes. At the same time, Defendants agents and/or employees started to winch the barge without warning or making sure it was properly hooked. Consequently, the barge was not properly hooked causing the mooring line to jump violently and strike the handrail where Plaintiff's hand was grabbing. The mooring line struck Plaintiff's right hand jamming his middle finger and severing part of his ring finger. As a result of Defendants' negligence, Plaintiff suffered severe and lasting physical injuries.

11. Defendants are liable for the negligent acts and/or omissions of Defendants' employees and/or agents when said employees and/or agents are acting within the course and scope of their employment under the doctrine of *respondeat superior*.

## VI.
## CAUSES OF ACTION

### A. Negligence and Gross Negligence

12. Defendants are liable to Plaintiff under the theory of negligence and Gross Negligence. Plaintiff sustained injuries because of Defendants' negligence when Defendants:

- failure to properly supervise their crew;
- failure to properly train their crew;
- failure to safely operate their vessel;
- failure to conduct proper safety briefings;

- failure to properly crew the vessel;
- failure to operate the vessel in a reasonably safe manner;
- failure to exercise the high degree of care required;
- failure to properly move the barge;
- failure to remove personnel off barge before proceeding to tow;
- failure to take precautionary measures when moving the barge;
- failure to promptly provide Plaintiff with adequate medical treatment;
- other acts so deemed negligent.

13. The particular acts or omissions constituting negligence or gross negligence, listed above, were committed by Defendants' agents, servants, and employees within the course and scope of their engagement. As such, Defendants are liable for their agents', servants', and employees' negligence acts and omissions under the doctrine of *respondeat superior*.

## VII.
## DAMAGES

14. As a result of this occurrence, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, physical impairment, and loss of enjoyment of life. In all reasonable probability, Plaintiff's physical pain, mental anguish, physical impairment, and loss of enjoyment of life will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred or will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which he now sues.

## VIII.
## RULE 193.7 NOTICE

15. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## IX.
## FIRST SET OF DISCOVERY TO DEFENDANTS

16. Plaintiff refers Defendants to the attached Interrogatories, Request for Production, Request for Disclosure, and Request for Admission, and notifies Defendants that a response is required within fifty (50) days of service of these requests. *See* Exhibit A.

## X.
## CONDITIONS PRECEDENT

17. All conditions precedent have been performed or have occurred as required by Texas Rule of Civil Procedure 54.

## XI.
## JURY DEMAND

18. Plaintiff hereby respectfully demands a trial by jury

## XII.
## PRAYER

19. For these reasons Plaintiff asks that Defendants be cited to appear and answer and that Plaintiff have judgment against Defendants, jointly and severally, for the following:

- Actual damages;
- Past and future impairment;
- Past and future disfigurement;

- Past and future loss of enjoyment of life;

- Past and future pain and suffering and mental anguish;

- Past and future lost earnings;

- Interest on damages (pre- and post-judgment) in accordance with law

- Costs of Court;

- Costs of copies of depositions;

- Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**PIERCE SKRABANEK PLLC**

*/s/ M. Paul Skrabanek*

M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: paul@pstriallaw.com
　　　　service@pstriallaw.com

**ATTORNEY FOR PLAINTIFF**